824 F.2d 977
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Raymond W. HIBLER, Appellant,
v.
KRASNE CORP., d/b/a Alamo Auto Supply, Appellee.
 Appeal No. 86-1522.
 United States Court of Appeals, Federal Circuit.
 April 24, 1987.
 
 Before RICH and SMITH, Circuit Judges, and NICHOLS, Senior Circuit Judge.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 The May 27, 1986, order of the United States District Court for the Western District of Texas granting summary judgment to Krasne Corp. (Krasne) and holding Claims 1 and 2 of U.S. Patent No. 4,332,414, entitled "Automobile Window Shade Device and Methods of Making and Using the Same" assigned to Raymond W. Hibler (Hibler), invalid under 35 USC 102(a) and (b) and claim 2 alternatively invalid under 35 USC 103, is affirmed.
 
 OPINION
 
 2
 The appropriateness of summary judgment is determined on an analysis of the facts. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253 (1968). Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Hodosh v. Block Drug Co., 786 F.2d 1136, 229 USPQ 182 (Fed.Cir.1986). The movant bears the burden of demonstrating the absence of all genuine issues of material fact, and the district court must view the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in its favor. The party opposing summary judgment must show an evidentiary conflict on the record; mere denials or conclusory statements are not sufficient. Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd., 731 F.2d 831, 836, 221 USPQ 561, 564 (Fed.Cir.1984).
 
 
 3
 The district court concluded that Krasne satisfied its burden of showing the absence of a genuine issue of material fact with respect to whether the prior art contained each and every limitation in claim 1 of the '414 patent, as is required before summary judgment can be granted on the basis of anticipation under Secs. 102(a) and (b), by coming forth with the Hsieh, Hall and Tai affidavits and supporting physical and documentary exhibits. The affidavits show that the deflectors in evidence meet the limitations in claim 1 and were on sale and in public use in the United States in 1976, before the critical date, March 20, 1977.
 
 
 4
 The district court did not find adequate Hibler's attempt, through his Roseborrough affidavit, to show an evidentiary conflict on the record. Hibler's proffer of a vague probability based on superficial examination that the two ASD samples were not manufactured nine years apart is not a showing of an evidentiary conflict on the record; it does not materially rebut Krasne's evidence that devices structurally identical to these were on sale or in public use in 1976 as all of Krasne's affiants similarly stated.
 
 
 5
 With respect to claim 2, Krasne is entitled to judgment as a matter of law that the subject matter of that claim would have been obvious to one of ordinary skill in the art. See 35 USC 103. There is no genuine issue of material fact with regard to the scope and content of the prior art, the ordinary level of skill in the art, or the differences between the prior art and the claimed invention. Additionally, Hibler did not introduce objective evidence of nonobviousness.
 
 
 6
 The only reason the subject matter of claim 2 is not anticipated by the prior art is because of its additional limitation that the slat apertures be narrower than the width of the joinder tape. Notwithstanding this difference, however, the subject matter of claim 2 as a whole would have been obvious to one of ordinary skill in the art. As the court stated, "It would be [sic] obvious to one of ordinary skill in the art to which claim 2 pertains to use joinder tape narrower than the length of the slots or apertures through which the tape passes as set forth in claim 2 of the '414 patent-in-suit...."